

ANTHONY P. BADARACCO
(212) 415-9354
FAX (212) 658-9569
badaracco.anthony@dorsey.com

January 21, 2025

**VIA ECF**

Hon. Ramon E. Reyes, Jr.
United States District Court for the Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

Re:   *Canon U.S.A., Inc. v. Sysorex, Inc. et al.*, No. 2:24-cv-08042-RER-JMW

Dear Judge Reyes:

We write on behalf of Plaintiff Canon U.S.A., Inc. ("Canon USA"), pursuant to Section IV.A.3 of Your Honor's Individual Practice Rules, in response to the pre-motion conference letter filed on January 13, 2025 (Dkt. No. 18) ("Letter") by Defendants Sysorex, Inc., Asaduz Zaman Khan, and Wayne Wasserberg (collectively, "Defendants") regarding their intention to move to dismiss the Complaint. Respectfully, the Letter does not provide any basis for Defendants to proceed with their contemplated motion.

**I.   Background**

This is an action to enforce a default judgment that Canon USA obtained in a related action against another company that Defendants control. Defendants admit that the other company owes the full amount that Canon USA seeks. The only question is whether Defendants—recidivist fraudsters, as described below—are responsible for paying it. The answer is yes.

Canon USA sells (along with many other types of imaging equipment) full body scanners used for security purposes. Canon USA also provides service, maintenance, and repair services for those scanners. Compl. ¶¶ 13-14.

A wholly-owned subsidiary of Sysorex, Inc. named Sysorex Government Services, Inc. ("SGS") secured contracts with the federal Bureau of Prisons and with the Sheriff's Office of Fayette County, Ohio to provide service and replacement part coverage for full body scanners, and subcontracted with Canon USA to provide the actual service and part coverage. Comp. ¶¶ 16-17. Defendant Wasserberg, SGS's CEO, directed SGS to enter into the service agreements with Canon USA. Defendant Khan signed them. *Id.* ¶ 18.

In their Letter, Defendants admit that Canon USA provided the required service and that SGS failed to make required payments (Letter, at 2-3) even though SGS was paid in full for the service by its customers. Simply stated, Canon USA provided the service, SGS collected the money paid to SGS for the service (Comp. ¶ 23), and SGS refused to pay Canon USA for providing the service. Defendant Wasserberg repeatedly promised that SGS would pay in full and made clear that he and Sysorex, Inc. controlled and dominated SGS when he wrote that "Sysorex, Inc.,



Hon. Ramon E. Reyes, Jr.
January 21, 2025
Page 2

the parent entity is committing to ensure that this debt is paid." Compl. ¶¶ 19-21, 44-45.  But that never happened.  When SGS still failed to pay, Canon USA sued.  SGS defaulted, and on September 27, 2024, the court entered judgment in favor of Canon USA for $782,162.27.  *Id.* ¶ 33.  Then, in post-judgment discovery—which SGS and Defendants ignored—Canon USA identified two bank accounts used by SGS and learned that after SGS was personally served (by hand delivery to Defendant Khan) with a copy of the court's Report and Recommendation on Canon USA's motion for a default judgment, Defendants transferred $1,860,131.72—easily enough to satisfy the Judgment—out of SGS's checking account.  *Id.* ¶ 52.

Defendants' attempt to evade their debts by establishing shell companies to contract with vendors and stripping those companies' assets, thereby effectively rendering the entities judgment proof, appears to be Defendants' business model.  As pleaded in the Complaint, in 2017, Defendant Khan rebranded yet another Sysorex-affiliated company, and then used that vehicle to contract with a Canon USA affiliate, depleted the company's assets, and evaded payment of another indisputable debt until litigation initiated by Canon USA's affiliate forced their hand.  Compl. ¶¶ 46-48.  Canon USA must be afforded an opportunity to prove its claims, lest Defendants succeed in repeating their fraudulent scheme.

I.   **This Court has specific personal jurisdiction over Defendants.**

Defendants argue (Letter, at 3) that the Court lacks jurisdiction over them, but just last month, in connection with their request for an extension of time to respond to the Complaint in this action, Defendants "waive[d] any defense based on . . . jurisdiction." *See* Dkt. No. 13.  So the Court should simply ignore Defendants' personal jurisdiction objection.  In any event, Defendants transacted business in New York through their *alter ego*, SGS, whose agreements with Canon USA included irrevocable, unconditional, and exclusive forum selection and venue clauses consenting to this Court's jurisdiction. Compl. ¶¶ 10-11.  That is enough.  *See Okapi Partners, LLC v. Holtmeier*, No. 18-cv-6381 (PKC), 2019 U.S. Dist. LEXIS 59894, at *16-17 (S.D.N.Y. Apr. 8, 2019) ("Because Rx consented to New York jurisdiction and the Complaint adequately alleges that Rx is defendants' alter ego, Okapi has adequately demonstrated, at the pleading stage, that defendants are subject to personal jurisdiction in New York").

II.   ***Res judicata* does not bar this action.**

Defendants erroneously state that *res judicata* bars this action because Canon USA "was well aware of the alleged claims it now asserts, and should have pursued them in the" previous action against SGS.  Letter, at 3-4.  This action exists because Defendants (1) decided to cause SGS to default in responding to the complaint in the previous case and in responding to Canon USA's post-judgment discovery demands, and (2) depleted SGS of the assets it needed to satisfy the Judgment.  Obviously, none of these facts were known to Canon USA until SGS defaulted in the earlier action.



Hon. Ramon E. Reyes, Jr.
January 21, 2025
Page 3

**III.     Canon USA has stated claims upon which relief can be granted.**

Defendants do not purport to identify any basis upon which Count I of the Complaint (Enforcement of the Judgment Based on Alter Ego Liability) should be dismissed. There is none.

Defendants state that Count II of the Complaint (Fraud) should be dismissed for lack of particularity and because the statements identified in the Complaint "were made *after* Plaintiff delivered the goods for which it was not paid." But the Complaint alleges that Defendants made fraudulent statements *before* the service agreements were signed and then again, while Canon USA was still providing services, with the intent of obtaining the benefits of Canon USA's performance without compensating Canon USA for its services. *See* Compl. ¶ 19 (Khan and Wasserberg assured Canon USA that SGS would pay the invoices in full and on time before Canon USA entered the relevant agreements); ¶ 45 (on August 17, 2023, before Canon USA terminated the agreements for nonpayment, Wasserberg assured Canon USA that Sysorex, Inc. would ensure that Canon USA was paid). The Complaint further alleges that when those statements were made, there were sufficient assets to pay Canon USA, but Defendants cynically and fraudulently caused SGS not to pay. *Id.* ¶ 51.

Third, Defendants state that the fraudulent conveyance claim does not plead: (1) that any of the Defendants was a beneficiary or recipient of the alleged transfers; nor (2) a statutory basis for the claim. But the Complaint alleges that the funds were transferred to another account controlled by Defendants (*see* Compl. ¶ 52) and cites Defendant Sysorex's May 5, 2022 press release to show that Sysorex, Inc. realizes profits from SGS's revenues (*see* Compl. ¶ 39). No more specificity is required at the pleading stage. And the claim is for common law fraudulent transfer—no statutory basis is required.

Finally, Defendants suggest that the unjust enrichment claim does not allege that Canon USA provided anything of value to Defendants. Not so—Defendants *concede* that Canon USA provided valuable services (Letter at 2-3), and Canon USA sufficiently alleges that Canon USA's contract counterparty, SGS, is Defendants' alter ego.

In sum, Defendants lack adequate grounds upon which to file their intended motion.[1]

Respectfully Submitted,

*/s/ Anthony P. Badaracco*
Anthony P. Badaracco

cc: all counsel of record (by ECF)

---

[1] If the Court were inclined to set a briefing schedule, Canon USA has no objection to the schedule proposed on the fifth and final page of the Letter.