

Cullen and Dykman LLP
The Omni Building
333 Earle Ovington Blvd, 2nd Fl
Uniondale, NY 11553
T: 516.357.3700
F: 516.357.3792

**Ralph E. Preite,** PARTNER
Direct:  516-357-3802
Mobile: 212-380-6878
E-mail: rpreite@cullenllp.com

March 12, 2025

<u>VIA ECF</u>

Hon. Ramon E. Reyes, Jr.
United States District Judge
United States District Court
Eastern District of New York
100 Federal Plaza, Courtroom 1020
Central Islip, New York 11722

      Re:    Canon U.S.A., Inc. v. Sysorex, Inc. Asaduz Zaman Khan, and Wayne Wasserberg
              Case No. 2:24-cv-08042-RER-LGD

Dear Judge Reyes:

      This firm represents defendants Sysorex, Inc., Asaduz Zaman Khan and Wayne Wasserberg in the above-referenced action (the "**2024 Action**"). Pursuant to Rule IV.A.2. of Your Honor's Individual Practice Rules, we write to follow up on our request for a pre-motion conference, as we intend to file a motion to dismiss all claims against Defendants pursuant to Rules 12(b)(6), and 9(b) of the Federal Rules of Civil Procedure. This request was initially made to the previously assigned Magistrate Judge, Hon. James M. Wicks, on January 13, 2025 (ECF Doc. 18).

      This letter provides relevant background and summarizes the basis for such motion. Canon U.S.A., Inc. plaintiff ("Plaintiff") asserts four causes of action for: (1) alter ego liability against Sysorex Inc.; (2) fraud against the two individual defendants; (3) fraudulent transfer against all three defendants; and (4) unjust enrichment against all Defendants.

**I.**     <u>**Background**</u>

      Plaintiff commenced the **2024 Action** to enforce a judgment it obtained September 27, 2024 (the "Judgment") against a *different* entity, Sysorex Government Services, Inc. ("SGS") in a *different* action in this District bearing case no. 23-cv-800l(DLI)(LGD) (the "**2023 Action**"). SGS is not named in the **2024 Action**. The Defendants herein are not named in the **2023 Action**. After obtaining the Judgment, Plaintiff now asserts alleged claims against the Defendants which, frankly, should have been asserted in the **2023 Action**.

      Plaintiff Canon USA has its principal place of business at One Canon Park, Melville, New York 11747. Defendant Sysorex is a publicly held Nevada corporation listed on the OTC, having its principal place of business at 13880 Dulles Corner Lane, Suite 175, Herndon, Virginia 20171. Defendant Wasserberg is the CEO of Sysorex and resides in Florida.  Defendant Khan is an officer



of SGS and a resident of Virginia. None of the Defendants did business with Canon.

Non-party SGS is a Virginia corporation and a wholly owned subsidiary of Sysorex. Since 2018, SGS has done business with Canon and Canon's predecessor Virtual Imaging (which Canon acquired prior to January 2017). I am advised that SGS has paid approximately $6.56 million to Canon for goods and services approximately September 2018. However, SGS began to struggle financially and orders which were the subject of the 2023 Action were unpaid, hence the Judgment.

## II.     Basis for Motion

As set forth below, the Complaint should be dismissed with prejudice pursuant to Rule 12(b)(6) and Rule 9(b) of the Federal Rules of Civil Procedure because it consists of nothing more than unsupported conclusory statements that are not entitled to the presumption of truth on a motion to dismiss (*see Hamilton v Westchester Cty.*, 3 F 4th 86, 90-91 [2d Cir 2022] ["To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face . . . we are not required to credit conclusory allegations or legal conclusions couched as factual allegations."] [internal citations omitted]).

Moreover, Plaintiff has failed to plead fraud with the requisite particularity, which requires specifying the statement, identifying the speaker, indicating where and when the statements were made and explaining why they were fraudulent (*see Baden-Württemberg v Goldman, Sachs & Co.*, 821 F Supp 616, 621 [SDNY 2011]). Should Plaintiff properly plead those allegations, it will be clear that any such statements were made *after* Plaintiff delivered its goods for which it was not paid. And because any such statements were made after Plaintiff's goods and services were delivered, Plaintiff simply could not have relied upon them. Accordingly, they could not support a fraud claim.

Additionally, Plaintiff's claims for fraudulent conveyance do not plead that any of the Defendants were beneficiaries or recipients of the alleged transfers. Moreover, Plaintiff fails to state any statutory basis for such conveyance, and in fact amendments to Article 10 of the N.Y. Debtor & Creditor Law provide no fraudulent conveyance causes of action, whether constructive or actual. Finally, Plaintiff's unjust enrichment claim does not allege that Plaintiff provided anything of value to any of the defendants which is a necessary element of that cause of action.

Finally, claim preclusion issues arise in the **2024 Action** because, based on the allegations, Canon was well aware of the alleged claims it now asserts, and should have pursued them in the **2023 Action**. Plaintiff is prevented from relitigating issues that were or could have been raised in the **2024 Action** (*see Monahan v N.Y. City Dep't of Corr.*, 214 F3d 275, 284 [2d Cir 2000]). Claim preclusion bars a subsequent action involving the same plaintiff from asserting claims that could have been raised in a prior action that resulted in an adjudication on the merits. *Allen v. McCurry*, 449 U.S. 90, 94, 101 S. Ct. 411, 66 L. Ed. 2d 308 (1980). *Bank of N.Y. v. First Millennium, Inc.*, 607 F.3d 905, 918 (2nd. Cir. 2010)



      For the foregoing reasons, which will be more fully articulated in Defendants' motion, Plaintiff's complaint fails to state a plausible claim for which relief may be granted.

                                      Respectfully,

                                      Ralph E. Preite

cc:    Anthony P. Badaracco, Esq.
        Dorsey & Whitney LLP
        via email: badaracco.anthony@dorsey.com