**DORSEY**
DORSEY + WHITNEY LLP

ANTHONY P. BADARACCO
(212) 415-9354
FAX (212) 658-9569
badaracco.anthony@dorsey.com

March 18, 2025

**VIA ECF**

Hon. Ramon E. Reyes, Jr.
United States District Court for the Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

Re:     *Canon U.S.A.*, *Inc. v. Sysorex*, *Inc. et al.*, No. 2:24-cv-08042-RER-LGD

Dear Judge Reyes:

We write on behalf of Plaintiff Canon U.S.A., Inc. ("Canon USA"), pursuant to Section IV.A.3 of Your Honor's Individual Practice Rules, in response to the pre-motion conference letter filed on March 12, 2025 (Dkt. No. 23) ("Letter") by Defendants Sysorex, Inc., Asaduz Zaman Khan, and Wayne Wasserberg (collectively, "Defendants") regarding their intention to move to dismiss the Complaint.

Although the letter purports to merely follow up on Defendants' previous pre-motion letter dated January 13, 2025 (Dkt. No. 18), it substantively reargues most of the same points raised in Defendants' prior pre-motion conference letter. However, there is one key difference. Defendants appear to have abandoned the argument that they will seek to dismiss the Complaint for lack of personal jurisdiction after Canon USA pointed out that Defendants "waive[d] any defense based on . . . jurisdiction" in a stipulation to extend Defendants' time to respond to the Complaint. *See* Dkt. No. 13. Because of that abandonment, Defendants now only seek a partial dismissal of the Complaint, conceding that Canon USA's first claim (alter ego) should move forward.

**I.     Background**

This is an action to enforce a default judgment that Canon USA obtained in a related action against another company that Defendants control named Sysorex Government Services, Inc. ("SGS"). Defendants admit that SGS owes the full amount that Canon USA seeks. *See* Letter at 2. The only question is whether Defendants—recidivist fraudsters, as described below—are responsible for paying it. The answer is yes.

Canon USA sells (along with many other types of imaging equipment) full body scanners used for security purposes. Canon USA also provides service, maintenance, and repair services for those scanners. Compl. ¶¶ 13-14. SGS secured contracts with the federal Bureau of Prisons and with the Sheriff's Office of Fayette County, Ohio to provide service and replacement part coverage for full body scanners, and subcontracted with Canon USA to provide the actual service and part coverage. Comp. ¶¶ 16-17. Defendant Wasserberg, SGS's CEO, directed SGS to enter into the service agreements with Canon USA. Defendant Khan signed them. *Id.* ¶ 18.



Hon. Ramon E. Reyes, Jr.
March 18, 2025
Page 2

In their Letter, Defendants admit that Canon USA provided the required service and that SGS failed to make required payments (Letter at 2) even though SGS was paid in full for the service by its customers. Simply stated, Canon USA provided the service, SGS collected the money paid to SGS for the service (Compl. ¶ 23), and SGS refused to pay Canon USA for providing the service. Defendant Wasserberg repeatedly promised that SGS would pay in full. He made clear that he and Sysorex, Inc. controlled and dominated SGS when he wrote that "Sysorex, Inc., the parent entity is committing to ensure that this debt is paid." Compl. ¶¶ 19-21, 44-45. But that never happened. When SGS still failed to pay, Canon USA sued. SGS defaulted, and on September 27, 2024, the court entered judgment in favor of Canon USA for $782,162.27 plus post-judgment interest. *Id.* ¶ 33. Then, in post-judgment discovery—which SGS and Defendants ignored—Canon USA identified two bank accounts used by SGS and learned that <u>after</u> SGS was personally served (by hand delivery to Defendant Khan) with a copy of the court's Report and Recommendation on Canon USA's motion for a default judgment, Defendants transferred $1,860,131.72—easily enough to satisfy the Judgment—out of SGS's checking account. *Id.* ¶ 52.

Defendants' attempt to evade their debts by establishing shell companies to contract with vendors and stripping those companies' assets, thereby effectively rendering the entities judgment-proof, appears to be Defendants' business model. As pleaded in the Complaint, in 2017, Defendant Khan rebranded yet another Sysorex-affiliated company, and then used that vehicle to contract with a Canon USA affiliate, depleted the company's assets, and evaded payment of another indisputable debt until litigation initiated by Canon USA's affiliate forced their hand. Compl. ¶¶ 46-48. Canon USA must be afforded an opportunity to prove its claims, lest Defendants succeed in repeating their fraudulent scheme.

## II.     *Res judicata* **does not bar this action.**

Defendants erroneously state that claim preclusion bars this action because Canon USA "was well aware of the alleged claims it now asserts, and should have pursued them in the" previous action against SGS. Letter at 2. But Canon USA's claims arise from Defendants' scheme to (1) cause SGS to default in responding to the complaint in the previous case and in responding to Canon USA's post-judgment discovery demands, and (2) deplete SGS's assets to evade the Judgment. Obviously, none of these facts were known to Canon USA, and many of the predicate acts giving rise to Canon USA's claims against Defendants did not occur until SGS defaulted in the earlier action and, upon information and belief, Defendants transferred SGS's money to themselves after this Court recommended default judgment against SGS.

## III.     **Canon USA has stated claims upon which relief can be granted.**

In both versions of their pre-motion letter, Defendants do not purport to identify any basis upon which Count I of the Complaint (Enforcement of the Judgment Based on Alter Ego Liability) should be dismissed. There is none.



Hon. Ramon E. Reyes, Jr.
March 18, 2025
Page 3

Defendants state that Count II of the Complaint (Fraud) should be dismissed for lack of particularity and because the statements identified in the Complaint "were made *after* Plaintiff delivered the goods for which it was not paid." But the Complaint alleges that Defendants made fraudulent statements *before* the service agreements were signed and then again, while Canon USA was still providing services, with the intent of obtaining the benefits of Canon USA's performance without compensating Canon USA for its services. *See* Compl. ¶ 19 (Khan and Wasserberg assured Canon USA that SGS would pay the invoices in full and on time before Canon USA entered the relevant agreements); ¶ 45 (on August 17, 2023, before Canon USA terminated the agreements for nonpayment, Defendant Wasserberg assured Canon USA that Sysorex, Inc. would ensure that Canon USA was paid). The Complaint further alleges that when those statements were made, there were sufficient assets to pay Canon USA, but Defendants cynically and fraudulently caused SGS not to pay. *Id.* ¶ 51.

Third, Defendants state that the fraudulent conveyance claim does not plead: (1) that any of the Defendants was a beneficiary or recipient of the alleged transfers; nor (2) a statutory basis for the claim. But the Complaint alleges that the funds were transferred to another account controlled by Defendants (*see* Compl. ¶ 52) and cites Defendant Sysorex's May 5, 2022 press release to show that Sysorex, Inc. realizes profits from SGS's revenues (*see* Compl. ¶ 39). No more specificity is required at the pleading stage. In addition, Defendants state that the New York Debtor Creditor Law ("NYDCL") does not provide a fraudulent transfer cause of action. That is incorrect. *See Makmudova v. Cohen*, 2024 N.Y. Misc. LEXIS 4865, at *18-20 (Sup. Ct. Kings Cty. July 10, 2024) (stating that the NYDCL does not limit creditors' potential common law remedies, claims for fraudulent transfer are available under the NYDCL as amended in 2020, and concluding that transfer following entry of judgment was a fraudulent conveyance); *Bd. of Managers of the 443 Greenwich St. Condo. v. SGN 443 Greenwich St. Owner LLC*, 2024 N.Y. Misc. LEXIS 2194, at *17 (Sup. Ct. N.Y. Cty. May 10, 2024) (denying motion to dismiss fraudulent transfer claims).

Finally, Defendants suggest that the unjust enrichment claim does not allege that Canon USA provided anything of value to Defendants. Not so—Defendants *concede* that Canon USA provided valuable services (Letter at 2), and Canon USA sufficiently alleges that Canon USA's contract counterparty, SGS, is Defendants' alter ego. Canon USA also alleges that Defendants transferred money from SGS to accounts that they control rather than pay Canon USA what it is owed. Compl. ¶¶ 52, 54.

In sum, Defendants lack adequate grounds upon which to file their intended motion.

Respectfully Submitted,

*/s/ Anthony P. Badaracco*
Anthony P. Badaracco

cc: all counsel of record (by ECF)