

Cullen and Dykman LLP
The Omni Building
333 Earle Ovington Blvd, 2nd Fl
Uniondale, NY 11553
T: 516.357.3700
F: 516.357.3792

*Ralph E. Preite*, PARTNER
*Direct:* 516-357-3802
*Mobile:* 212-380-6878
*E-mail:* rpreite@cullenllp.com

March 31, 2025

<u>VIA ECF</u>

Hon. Lee G. Dunst
United States Magistrate Judge
United States District Court
Eastern District of New York
100 Federal Plaza, Courtroom 830
Central Islip, New York 11722

Re:  Canon U.S.A., Inc. v. Sysorex, Inc., Asaduz Zaman Khan, & Wayne Wasserberg
<u>Letter Motion Requesting Stay of Discovery, Case No. 2:24-cv-08042-RER-LGD</u>

Dear Judge Dunst:

This firm represents defendants Sysorex, Inc., Asaduz Zaman Khan and Wayne Wasserberg ("**Defendants**") in the above-referenced action. Being a non-dispositive motion and not one relating to discovery disputes, pursuant to Rule VI. of *Chambers' Individual Practice Rules,* we file this letter motion requesting a stay of discovery in this matter because separately, we seek to dismiss this action.

### **Reassignment of this Case and Defendants' Motion to Dismiss**

As Your Honor is aware, on November 20, 2024, this case was assigned to the Hon. James M. Wicks, U.S. Magistrate Judge to whom, on January 13, 2025 we addressed our *Letter Requesting Pre-Motion Conference for a Dismissal Motion* ("**Dismissal Request**") (ECF Doc. No. 18).[1]

Subsequently, this case was assigned to the Hon. Ramon E. Reyes, Jr., U.S. District Judge to whom plaintiff Canon U.S.A., Inc. ("**Plaintiff**") on January 19, 2025 addressed its letter opposing our **Dismissal Request** (ECF Doc. No. 19), and to whom our follow up letter dated March 12, 2025 (ECF Doc. No. 23) and Plaintiff's letter further objecting dated March 18, 2025 (ECF Doc. No. 24) was addressed. Judge Reyes has scheduled a pre-motion conference for April 22, 2025 on our Dismissal Request. Subsequently this case was reassigned from Magistrate Judge Wicks to Your Honor.

During the February 19, 2025 conference held before Your Honor regarding, among other thing, discovery, we advised the Court of our Dismissal Request. The Court noted that a stay of discovery would be considered on motion.

Defendants now move for a stay of discovery in this action while its **Dismissal Request** is pending and continuing through resolution of the dismissal motion we file pursuant to Rules 12(b)(6) and 9(b) of the Federal Rules of Civil Procedure ("**FRCP**").

It is well-settled that "[a] motion to dismiss may provide good cause for a protective order

---

[1] The Dismissal Request stayed Defendants' time to answer, and thus, no answer has been interposed yet.

Hon. Lee G. Dunst, U.S. Magistrate Judge
March 31, 2025
Page **2** of **3**



pursuant FRCP 26(c) staying discovery." *Brooks v. Macy's, Inc.*, 2010 WL 5297756 (S.D.N.Y. Dec. 21, 2010). Here, Defendants intend to file a dismissal motion arguing (i) that the complaint consists of nothing more than unsupported conclusory statements that are not entitled to the presumption of truth on a motion to dismiss; (ii) Plaintiff failed to plead fraud with the requisite particularity and did not plead that any of the Defendants were beneficiaries or recipients of the alleged transfers; and (iii) claim preclusion issues. Since Defendants intend to assert these defenses, it would be appropriate to spare them the burdens of discovery while their **Dismissal Request** is pending.[2]

### **Defendants' Motion to Stay Discovery**

Additionally, pursuant to Rule 26(c) of the FRCP, "a district court may stay discovery during the pendency of a motion to dismiss for 'good cause' shown." *Hollins v. United States Tennis Ass'n.*, 469 F. Supp. 2d 67, 78 (E.D.N.Y. 2006). The following factors may be considered in determining whether a stay is warranted: "(1) whether there has been a strong showing that the claim is unmeritorious; (2) the breadth of discovery and the burden of responding to it; … (3) the risk of unfair prejudice to the party opposing the stay[;] (4) the nature and complexity of the action; and (5) the posture of the litigation." *Computer Assocs. Int'l, Inc. v. Simple.com, Inc.*, 247 F.R.D. 63, 69 (E.D.N.Y. 2007).

A stay of discovery pending resolution of a potentially dispositive motion is appropriate "where the motion appear[s] to have substantial grounds or, stated another way, do[es] not appear to be without foundation in law." *Johnson v. N. Y. Univ. Sch. of Educ.*, 205 F.R.D. 433, 434 (S.D.N.Y. 2002) (internal quotations and citations omitted; alterations in original); *accord Computer Assocs.*, 247 F.R.D. at 69. A court should consider the strength of the dispositive motion that is the basis of the application. *See, e.g., Gandler v. Nazarov*, 1994 WL 702004, at *4 (S.D.N.Y. Dec. 14, 1994) (stay of discovery should be granted where motion to dismiss "is potentially dispositive, and appears to be not unfounded in the law."); *Transunion Corp. v. Pepsico, Inc.*, 811 F.2d 127, 130 (2d Cir. 1987) (district court has discretion to halt discovery pending its decision on a motion to dismiss).

Here, Defendants' **Dismissal Request** (and subsequent dismissal motion) is meaningful and has a strong likelihood of prevailing. Plaintiff's factual allegations are not plausible and do not "raise a right to relief above the speculative level." *See Bell Atlantic v. Twombly*, 550 U.S. 544, 555 (2007).

For example, the Complaint should be dismissed pursuant to Rule 12(b)(6) and Rule 9(b) of the Federal Rules of Civil Procedure because it consists of nothing more than unsupported conclusory statements that are not entitled to the presumption of truth on a motion to dismiss (see *Hamilton v Westchester Cty.*, 3 F 4th 86, 90-91 [2d Cir 2022]. The Complaint is devoid of the requisite detail regarding alleged fraud. Plaintiff's claims for fraudulent conveyance do not plead that any of the Defendants were beneficiaries or recipients of the alleged transfers. Moreover, Plaintiff fails to state any statutory basis for the alleged fraudulent conveyance, and in fact amendments to Article 10 of the N.Y. Debtor & Creditor Law provide no "fraudulent conveyance" causes of action, whether constructive or actual. Finally, Plaintiff's unjust enrichment claim does not allege that Plaintiff provided anything of value to any of the Defendants which is a necessary element of that cause of action. Also, none of the Defendants had done business with Plaintiff.

---

[2] As more fully set forth in the Dismissal Request, incorporated by reference, the bases for **Dismissal Request** is under, in part, FRCP 12(b)(6) and 9(b) for failure to state a claim, and in part NY Debtor Creditor Law.

Hon. Lee G. Dunst, U.S. Magistrate Judge
March 31, 2025
Page **3** of **3**



      Finally, claim preclusion issues arise in this action because, based on the allegations, Plaintiff Canon was well aware of the alleged claims it now asserts, and should have pursued them in the 2023 Action. Plaintiff is prevented from re-litigating issues that were or could have been raised in the 2024 Action (see *Monahan v N.Y. City Dep't of Corr.*, 214 F3d 275, 284 [2d Cir 2000]). Claim preclusion bars a subsequent action involving the same plaintiff from asserting claims that could have been raised in a prior action that resulted in an adjudication on the merits. *Allen v. McCurry*, 449 U.S. 90, 94, 101 S. Ct. 411, 66 L. Ed. 2d 308 (1980). *Bank of N.Y. v. First Millennium, Inc.*, 607 F.3d 905, 918 (2nd. Cir. 2010).

      Defendants have a substantial basis in law for their arguments. Additionally, this action is still at a preliminary stage, and any discovery would likely be highly burdensome, involving sorting through a great deal of information, all of which is premature in light of the fact that Defendants have not interposed an answer. The burden of responding to the discovery is significant as it requires staff to put all other business aside and devote their activities to digesting the discovery requests and then locating documents and other information that may be responsive, and then requires repeated interaction with counsel at great time and cost. The scope of the discovery requests covers at least two separate business (one a non-party), and multiple aspects of the non-party's business, further increasing the burden, all for naught if the Dismissal Request is granted.

      Notably, Plaintiff will not be prejudiced by a stay of discovery because 13 of Plaintiff's 19 document requests seek information of non-party SGS, which Plaintiff can subpoena in the action that Plaintiff had commenced against SGS in this courthouse (action. 23-cv-800l(DLI)(LGD) (the "2023 Action"). Plaintiff's discovery concerning non-party SGS can be made its 2023 Action. This case is ostensibly a fraudulent conveyance and fraud action to collect a judgment rendered it the 2023 Action, and turns on financial records and activity going back several years. Thus, discovery stands to be extensive particularly if discovery of non-party records is permitted in this action. This action is in its nascent stages as no answer has been interposed.

      Plaintiff's principal place of business is New York. Defendant Sysorex is a Nevada corporation formerly listed on the OTC, with its place of business in Virginia. Defendant Wasserberg is the CEO of Sysorex and resides in Florida. Defendant Khan is an officer of SGS and a resident of Virginia. None of the Defendants did business with Canon. Plaintiff repeatedly disparaged Defendants as "recidivist fraudsters" notwithstanding the fact that, as I am advised, SGS has paid Plaintiff approximately $6.56 million for orders since approximately 2018.

      Defendants respectfully submit that a weighing of the potential burden of discovery against any prejudice to Plaintiff, and weighing Defendants' legal and factual arguments in support of dismissal will favor a stay pending resolution of the **Dismissal Request** and/or Defendants' dismissal motion, and respectfully request that discovery be stayed in this matter.

      Respectfully submitted,

Ralph E. Preite

cc:    Anthony P. Badaracco, Esq.
        Dorsey & Whitney LLP, Plaintiff's counsel
        via email (badaracco.anthony@dorsey.com)