# DORSEY
### DORSEY + WHITNEY LLP

April 22, 2025

**VIA ECF**

Hon. Lee G. Dunst
United States District Court for the Eastern District of New York
100 Federal Plaza, Courtroom 830
Central Islip, New York 11722

Re:     *Canon U.S.A.*, *Inc. v. Sysorex*, *Inc. et al.*, No. 2:24-cv-08042-RER-LGD

Dear Judge Dunst:

We write on behalf of Plaintiff Canon U.S.A., Inc. ("Canon USA") to seek an order under Fed. R. Civ. P. 26 and 37(a) compelling Defendants to comply with their duties under the first phase of discovery and imposing attendant sanctions.[1] Defendants repeatedly have ignored emails to discuss these discovery disputes and have not committed on telephone calls to supplementing their responses, so Canon USA reasonably has concluded that any such further efforts to engage would be futile. Canon USA seeks this relief via letter motion because its efforts to comply with Your Honor's Practice Rules (particularly the requirement to submit discovery matters by joint letter) have been thwarted by Defendants' refusal to meet and confer in good faith, or to provide any response to the draft joint letter that Canon USA sent to Defendants' counsel on April 2, 2025, then again on April 8, 2025, and then again on April 14, 2025. Defendants' stonewalling has left Canon USA with no choice but to unilaterally seek Court intervention.

On February 29, 2025, the Court ordered the parties to promptly make initial disclosures, and to complete "preliminary discovery necessary for reasoned consideration of settlement" by April 18, 2025 ("Phase One discovery"). The Court later denied Defendants' motion to stay as to Phase One discovery and stayed "additional discovery" only until the April 22, 2025 pre-motion conference. *See* 4/1/2025 Order. At that conference, Judge Reyes deferred briefing on Defendants' proposed motion to dismiss until after the May 22, 2025 settlement conference. Dkt. 26.

The deadline for Phase One discovery has now passed. Defendants have failed to produce sufficient disclosures and discovery responses. The pertinent materials are enclosed.

**Initial Disclosures**: On February 11, 2025, Defendants served their initial disclosures, which identify only four individuals with discoverable information. *See* Ex. A. One is a Canon USA employee; for the other three, Defendants identify only one topic about which each person is knowledgeable: "credit issues regarding Sysorex Government Services Inc." Those disclosures are insufficient under Rule 26 and violate Defendants' obligations under the Court's Phase One discovery rule. Canon USA cannot meaningfully determine what depositions or additional discovery may be needed. Defendants must identify the individuals who are knowledgeable about, among other things, the roles and responsibilities of Defendants Khan and Wasserberg at Sysorex, Inc. and at Sysorex Government Services, Inc. ("SGS"), payments to SGS related to the contracts

---

[1] Alternatively, this letter can be construed as a request under L. Civ. R. 37.2 for a pre-motion discovery conference.

# DORSEY
## DORSEY + WHITNEY LLP

Hon. Lee G. Dunst
April 22, 2025
Page 2

at issue, Defendants' involvement in SGS's default in Canon USA's previous action against SGS, and the other topics that are described in more detail in the Complaint.[2]

**Responses to Interrogatories**. On February 7, 2025, Canon USA served its First Set of Interrogatories. *See* Ex. B. Defendants' responses were due on March 10, 2025, but were not served until March 21, 2025, and then only after repeated email correspondence. *See* Ex. C. Defendants only objected and supplied **no** responsive information. Many of the interrogatories simply seek identification of persons with relevant knowledge about various topics—the archetype of an appropriate interrogatory that must be answered substantively.

Defendants' purported basis for not responding to **any** of the interrogatories appears to be their misplaced contention that the fourteen interrogatories contain subparts. *See* Ex. C at General Objection 14. For example, Defendants object to Interrogatory No. 7—which asks for the persons most knowledgeable about SGS's transfers of funds outside of the company—as **seven distinct interrogatories** because there could be seven categories of transferees. Defendants object similarly to several other interrogatories. That objection is baseless. The interrogatories plainly seek information relating to a common theme; Defendants are simply evading their obligation to disclose information. *See Bertone v. HSBC USA, Inc.*, 2018 U.S. Dist. LEXIS 246137, at *2 (E.D.N.Y. Mar. 26, 2018) ("[F]or the most part, each of the subparts seeks to elicit details relating to a common theme and subject matter [that] are closely interrelated to the first part of the numbered request so as to constitute a single interrogatory.") (granting motion to compel). Defendants should be compelled to promptly provide the requested information.

**Responses to Requests for Production**. On February 7, 2025, Canon USA served its First Set of Requests for Production of Documents.[3] *See* Ex. D. Defendants' responses were due on March 10, 2025, but were not served until March 24, 2025, together with a small document production, and then only after repeated email correspondence. *See* Ex. E. Both the responses and the production are deficient.

*First*, Defendants object to each RFP "to the extent it calls for documents that are relevant to the SGS Action," in which SGS defaulted. That is baseless. Such documents are clearly relevant here because Canon USA alleges that Defendants schemed to cause SGS to default in the previous action and transferred more than the amount of the judgment out of the company to avoid payment. And SGS defaulted in responding to the complaint in that matter and defaulted again in responding to Canon USA's post-judgment information subpoena, so Canon USA had no ability to obtain

---

[2] Defendants' initial disclosures claim that the requirement to disclose available insurance coverage is "Not applicable." Ex. A. But Defendants have submitted this matter to their carrier and received a coverage position, as confirmed by a cover email that they produced (D-37) and for which they failed to produce the attached position letter. Canon USA is entitled to know that coverage position. *See* Fed. R. Civ. P. 26(a)(1)(A)(iv).

[3] Canon USA produced its own readily available documents to Defendants on February 10, 2025.

# DORSEY
## DORSEY+WHITNEY LLP

Hon. Lee G. Dunst
April 22, 2025
Page 3

discovery. Responsive, non-privileged documents within Defendants' possession, custody, or control must be produced, regardless of whether they are also relevant to the action against SGS.

*Second*, Defendants' responses to several RFPs end with a statement that "Defendants produce no documents responsive to this request." Those statements do not make clear whether (a) responsive documents exist but Defendants are not producing them based on one or more objections, or (b) no responsive documents exist. Defendants are obligated to specify which of those options applies. *See* Fed. R. Civ. P. 34(b)(2). Canon USA asked repeatedly for Defendants to clarify the meaning of these statements, but they have not done so.

*Finally*, various categories of documents that are plainly responsive to Canon USA's RFPs and that were identified by category in Defendants' Initial Disclosures—including "invoice documents, purchase orders, pricing quotes, [and] banking records"—are completely absent from Defendants' production. Those documents constitute exactly the sort of "preliminary discovery necessary for reasoned consideration of settlement" that should have been produced weeks ago. Canon USA is not asking for a comprehensive search and production, but easily gathered documents must be produced in advance of the upcoming settlement conference.[4]

Putting the above together, Defendants have failed to comply with: (a) Rules 26 and 37; (b) both the letter and spirit of this Court's Individual Practice Rules; and (c) the February 19 and April 1, 2025 orders, which permit (and, in fact, require) initial disclosures and preliminary discovery necessary for reasoned consideration of settlement. Even more troubling is Defendants' unwillingness to meaningfully meet and confer to discuss these deficiencies, which itself violates the Court's Individual Practice Rules, the Local Rules, and the Federal Rules of Civil Procedure. *See*, *e.g.*, *Multi-State P'ship for Prevention, LLC v. Kennedy*, 2024 U.S. Dist. LEXIS 143321, at *28 (E.D.N.Y. Aug. 12, 2024) (discussing the importance of the meet-and-confer process).

Defendants have necessitated Court intervention through their obstinance. The Court should therefore compel them to amend their initial disclosures and written discovery responses and to supplement their initial document production. Canon USA also respectfully requests that the Court order Defendants under Rule 37(a)(5) to reimburse Canon USA for all reasonable expenses incurred in attempting to meet and confer with Defendants and in making this application, including reimbursement of Canon USA's attorneys' fees.

---

[4]     Canon USA identified an additional deficiency in Defendants' discovery responses. Specifically, several emails (including D-5, D-13, D-18, D-20, D-21, D-22, D-23, and a December 18, 2024 "Please see the attached" email that is part of D-37) had attachments that were not produced. Canon USA's counsel explained throughout the meet-and-confer process that it is entitled to receive those attachments, at least one of which (the insurance coverage position letter attached to the email that is part of D-37) is plainly subject to Defendants' automatic disclosure obligation. On the April 21, 2025 meet-and-confer call, Defendants' counsel agreed to consider supplementing its production to include the identified attachments (but not to address any of the other deficiencies that Canon USA has identified). As of the time of the filing of this letter, no supplemental production has been made.



Hon. Lee G. Dunst
April 22, 2025
Page 4


                                        Respectfully Submitted,

                                        */s/ Anthony P. Badaracco*
                                        Anthony P. Badaracco


cc:        All counsel via ECF



Hon. Lee G. Dunst
April 22, 2025
Page 5

## CERTIFICATION PURSUANT TO FED. R. CIV. P. 37(a)(1)

Canon USA has in good faith attempted to confer with Defendants in an effort to resolve the disputes presented in this letter without the need for Court intervention. Specifically, on March 11, 2025, Canon USA's counsel wrote to Defendants' counsel to identify the deficiencies set forth above in Defendants' disclosures and to demand responses (which had not been served by the deadline) to Canon USA's interrogatories and requests for production. On March 13, 2025, Canon USA's counsel wrote to Defendants' counsel to state that Canon USA would prepare a motion to compel. On March 18, 2025, the parties' counsel spoke by telephone but were unable to resolve the matters described in this letter. On March 20, 2025 and March 21, 2025, Canon USA's counsel wrote again to demand responses to Canon USA's discovery requests. On March 26, 2025, Canon USA's counsel wrote again to identify the deficiencies described in this letter, and to ask for a meet-and-confer call. Canon USA's counsel wrote twice more and received no response. After repeated outreach by Canon USA that was met with no response, on March 31, 2025, Defendants unilaterally—and without conferring with Canon USA, in contravention of Section IV(C) of the Court's Individual Practice Rules, filed a letter-motion seeking to stay discovery. Dkt. 25. Canon USA has endeavored to comply with the meet-and-confer and joint letter procedure required under Your Honor's Practice Rules. As such, on April 2, 2025, Canon USA's counsel sent a draft joint letter in accordance with the Court's Practice Rules, and requested Defendants' responses. Canon USA's counsel wrote several more times with a request to meet and confer. Finally, on April 8, 2025, the parties' counsel met and conferred telephonically but were unable to resolve the matters described in this letter. Also on April 8, 2025, Canon USA's counsel re-sent the draft joint letter and requested Defendants' responses. Defendants' counsel did not respond. On April 14, 2025, Canon USA's counsel re-sent the draft joint letter and stated that Canon USA would file a unilateral letter, on the basis that Canon USA's efforts to meet and confer had been futile, in the absence of a response. Defendants did not respond. On April 17, 2025, Canon USA's counsel wrote again, stating that in light of the impending deadline for Phase 1 discovery, Canon USA would file a unilateral latter. On April 21, 2025, the parties' counsel spoke again. On that call, Defendants' counsel agreed to consider producing attachments to emails that were part of Defendants' March 24, 2025 document production, but the parties otherwise were not able to resolve the matters described in this letter.

*/s/ Anthony P. Badaracco*
Anthony P. Badaracco

*Counsel for Plaintiff Canon U.S.A., Inc.*