

Cullen and Dykman LLP
The Omni Building
333 Earle Ovington Blvd, 2nd Fl
Uniondale, NY 11553
T: 516.357.3700
F: 516.357.3792

**Ralph E. Preite,** PARTNER
Direct:  516-357-3802
Mobile: 212-380-6878
E-mail: rpreite@cullenllp.com

April 30, 2025

<u>VIA ECF</u>

Hon. Lee G. Dunst
United States Magistrate Judge
United States District Court
Eastern District of New York
100 Federal Plaza, Courtroom 830
Central Islip, New York 11722

  Re: <u>Canon U.S.A., Inc. v. Sysorex, Inc. et al., No. 2:24-cv-08042-RER-LGD</u>
    <u>Opposition to Plaintiff's Letter Motion to Compel (Dkt.no. 27)</u>

Dear Judge Dunst:

This firm represents defendants Sysorex, Inc., Asaduz Zaman Khan and Wayne Wasserberg in the above-referenced action (the "**2024 Action**"), which is essentially a continuation of plaintiff Canon U.S.A., Inc.'s ("Plaintiff" or "Canon") completed prior action entitled *Canon U.S.A., Inc. v. Sysorex Government Services, Inc.* ("SGS") in this District bearing Case No. 23-cv-800l (DLI)(LGD) (the "**2023 Action**"). Defendants by their counsel hereby file this letter in opposition to Plaintiff's April 22, 2025 *Letter Motion to Compel Discovery and for Sanctions* ("Discovery Motion") (Dkt. No. 27). As shown below, this Court has **<u>stayed</u>** discovery in this matter with limited exception pending Defendants' dismissal motion. Plaintiff violated the stay on April 25, 2025, by serving additional discovery—Requests to Admit.[1]  SGS is not named in this **2024 Action**. Defendants herein are not named in the **2023 Action.** In sum, the Discovery Motion should be denied because Defendants had conceded to provide additional initial discovery, and had provided preliminary discovery necessary for reasoned consideration of settlement, the balance of discovery is stayed, and Plaintiff's discovery demands are improper.  Specifically, the Discovery Motion should be denied because:

- Contrary to Plaintiff's representations, prior to April 22, 2025, the undersigned Defendants' counsel agreed to provide the requested insurance policy, the subject insurance coverage letter (email, actually), and a description of the roles and responsibilities of, and other information regarding, the individuals identified in Defendants' initial disclosures.

---

[1] It is absurd for Plaintiff to assert that the Court's April 1, 2025 stay of discovery pending Defendants' dismissal motion expired on April 22, 2025 when District Judge Ramon E. Reyes *allowed* Defendants to bring a dismissal motion (and continue settlement discussions).  This Court's stay of discovery was actually issued "in light of the Pre-motion Conference before District Judge Ramon E. Reyes regarding Defendants' anticipated motion to dismiss." At the April 22 conference, Judge Reyes indicated that Defendants could file their motion to dismiss after settlement negotiations.  Conversely, had Judge Reyes denied Defendants' request for a dismissal motion, the stay would have terminated that day.  To the extent Defendants must renew their March 31, 2025 motion to stay discovery (Dkt. No. 25), Defendants respectfully do so here.

Magistrate Judge Dunst
April 30, 2025
Page 2 of 5



**Interrogatories** – Besides being stayed April 1, 2025, the interrogatories are objectionable because:

- (a) with sub-parts they number 33 (see table at Exhibit A) and multiplied by 3 for each defendants, the number is 99, which exceeds the maximum allowed by Federal **Rule 33(a)**. Plaintiff has not identified which 25 should be addressed as requested in Defendants' reply. The second column in Exhibit A's table shows the actual number of interrogatories. Also, Defendants' response dated March 21, 2025 to Plaintiff's interrogatories spell out each multiple interrogatory found in questions 6, 7, 8, 9 and 13.  See Discovery Motion Exhibit C, pages 3, 10-16, 19-21 (Dkt. No. 27.3). See also table at Exhibit A annexed hereto..
- (b) interrogatories numbered 1-8, 12, 13 are extremely vague as they require Defendants to identify the persons with the *most* knowledge of the subject issues and such inquiry takes the request beyond the Defendants to all persons globally using the subjective standard, and
- (c) 80% of the interrogatories concern non-party SGS in the **2023 Action**, and
- (d) call for information regarding predecessor entities in an 8-year old settled action *Virtual Imaging, Inc. v. Integrio Technologies, LLC, et al.*, Case No. 1:17-cv-01477 (E.D. Va.).

Plaintiff commenced the **2024 Action** to exploit the liberal discovery available in federal civil actions and obtain discovery which Plaintiff seeks to use in the **2023 Action**. Plaintiff admits in the Complaint that: " . . . SGS has not complied with Canon USA's post-judgment discovery , . . ." (See Complaint ¶ 36 [Dkt. No. 1]).  Each interrogatory except for nos. 11, 13 and 14 specifically identifies non-party SGS. Also, during the April 22, 2025 pre-motion hearing before Judge Reyes, Plaintiff repeatedly stated it commenced this **2024 Action** because it was unable to obtain discovery in the **2023 Action**.[2]

Use of discovery in related litigation may justify a protective order or other device designed to prevent abuse of the liberal discovery rules available in federal court. *See Dove v. Atlantic Capital Corp.*, 963 F.2d 15, 19 (2nd Cir. 1992) (protective order may be issued by district court prohibiting use in other action of material obtained through discovery in current action), *citing Snap Lite Corp. v. Stewart Warner Corp.,* 40 F. Supp. 776, 776 (S.D.N.Y. 1941) (federal action initiated to obtain discovery for use in state court); *Campbell v. Eastland,* 307 F.2d 478, 480, 483 (5th Cir. 1962) (federal civil action initiated as tactic to enable plaintiff to gain otherwise unavailable information on criminal case), *cert. denied,* 371 U.S. 955, 9 L. Ed. 2d 502, 83 S. Ct. 502 (1963). In each such case the federal action had been brought chiefly for the purpose of exploiting the liberal discovery devices available in federal civil actions. Since it is clear that Plaintiff has commenced the **2024 Action** to obtain discovery that it did not obtain in the **2023 Action** and is thus exploiting the liberal discovery available in federal matters, Plaintiff must not be allowed to demand such of the Defendants herein.  Plaintiff may seek discovery regarding SGS in the **2023 Action**.

**Document Production** - Defendants provided their response dated March 24, 2025 to Plaintiff's document requests (see Discovery Motion Exhibit E (Dkt. No. 27.5) and produced simultaneously

---

[2] Defendants have ordered the transcript of said April 22, 2025, pre-motion hearing but it has not been provided by the stenographer yet.

Magistrate Judge Dunst
April 30, 2025
Page 3 of 5



therewith 141 pages of documents stamped D-1 through D-141. Discovery was then stayed April 1, 2025, and remains so pending Defendant's dismissal motion. Plaintiff's document requests were objectionable because, among other things, they sought documents regarding non-party **SGS** which is the defendant in the **2023 Action**. Plaintiff's Discovery Motion confirm this, as follows:

> ". . . Defendants schemed to cause **SGS** to default in the previous action . . ."
> ". . . **SGS** defaulted in responding to the complaint in that matter and defaulted again in responding to Canon USA's post-judgment information subpoena, so Canon USA had no ability to obtain discovery."

See Discovery Motion, pages 2-3 (Dkt. No. 27) (emphasis added). Plaintiff commenced the **2024 Action** to exploit the liberal discovery available in federal civil actions to obtain discovery for use in the **2023 Action**. Plaintiff should pursue those requests in the context of the **2023 Action**, not commence a new action naming different parties. While a party may produce documents under its custody and control, when those documents are sought for use in other litigation, those requests are improper. See *Dove v. Atlantic Capital Corp.*, 963 F.2d 15, 19 (2nd Cir. 1992) (protective order or other device may be issued by district court prohibiting use in other action of material obtained through discovery in current action).

A protective order designed to prevent Plaintiff's abuse of the liberal federal discovery rules is warranted herein. Plaintiff should not be allowed to obtain documents in this in this 2024 Action for use in the 2023 Action. In *Dove v. Atlantic Capital Corp.*, the Second Circuit held:

> If the district court had found that the affirmative defense in the instant action was interposed for the sole purpose of obtaining information through discovery for use in the UK litigation, it would have been justified in issuing the protective order Dove requested. *See, e.g., Empire Liquor Corp. v. Gibson Distilling,* 2 F.R.D. 247, 248 (S.D.N.Y. 1941). However, where the discovery sought is relevant to a good faith defense in the federal case, the mere fact that it may be used in other litigation does not mandate a protective order. See *Cipollone v. Liggett Group,* 113 F.R.D. 86, 91 (D.N.J. 1986) ("So long as the initial litigation has not itself been instituted in bad faith for the purpose of obtaining documents for other actions, and so long as the interests of those represented in the initial litigation are being fully and ethically prosecuted, the Federal Rules do not foreclose the collaborative use of discovery."), mandamus denied, 822 F.2d 335 (3d Cir.), cert. denied, 484 U.S. 976, 108 S. Ct. 487, 98 L. Ed. 2d 485 (1987).

*Dove v. Atlantic Capital Corp.*, 963 F.2d 15, 19. While Canon's initial litigation (**2023 Action**) might not have been commenced in bad faith, this subsequent litigation (**2004 Action**) brought because "Canon USA had no ability to obtain discovery" in **2023 Action** is not in good faith. Plaintiff's discovery demands should be denied.

Magistrate Judge Dunst
April 30, 2025
Page 4 of 5



**<u>Defendants Communications with Plaintiff's Counsel</u>** - Contrary to Plaintiff's allegations that Defendants did not respond to Plaintiff's April 2, 8 and 14, 2025 email messages, the undersigned emailed Mr. Badaracco on the following dates, all while discovery was stayed:

- April 3, 2025 at least twice
- April 4, 2025 twice - and running bar asso.lunch
- April 8, 2025 three times
- April 18, 2025 at least twice

Additionally, the undersigned's phone logs (annexed as Exhibit A) show phone calls to/from Plaintiff's counsel Mr. Badaracco on:

- April 4, 2025   1 minute
- April 8, 2025   3 calls: 23 minutes, 1 minute, 26 seconds
- April 18, 2025 1 minute
- April 21, 2025 12 minutes
- April 21, 2025 45 minutes

**<u>Stay of Discovery</u>** - During the February 19, 2025 conference held before this Court regarding, among other thing, discovery, counsel advised the Court of Defendants' pending dismissal request. The Court noted that a stay of discovery would be considered on motion, and thus Defendants filed their March 31, 2025 motion to stay discovery. Per docket entry dated April 1, 2025, the stay of discovery pending dismissal was granted, as follows:

> ORDER granting in part and denying in part 25 Motion to Stay. In light of the parties' joint request for a Settlement Conference (*see* DE 20 ), as well as the Settlement Conference scheduled before the undersigned on 5/22/2025 (*see* DE 21 ), the Court DENIES Defendants' motion to stay *only* as to (1) the exchange of required disclosures by Rule 26(a)(1) of the Federal Rules of Civil Procedure, and (2) preliminary discovery necessary for reasoned consideration of settlement.
>
> The Court STAYS any additional discovery until 4/22/2025 in light of the Pre-motion Conference before District Judge Ramon E. Reyes regarding Defendants' anticipated motion to dismiss.
>
> The Parties shall submit a Joint Status Report by 4/29/2025 addressing whether they are prepared to proceed with a productive Settlement Conference on 5/22/2025. Ordered by Magistrate Judge Lee G. Dunst on 4/1/2025. (GS) (Entered: 04/01/2025)

On April 22, 2025, District Judge Ramon E. Reyes, Jr. heard the parties regarding Defendants' pre-motion letter on their motion to dismiss, and Judge Reyes ordered in pertinent part:

> The parties shall attend the upcoming settlement conference before Judge Dunst on May 22. If a settlement is not reached, the parties shall submit a briefing schedule by June 6. (VRM) (Entered: 04/22/2025)

Magistrate Judge Dunst
April 30, 2025
Page 5 of 5



(Dkt. No. 26). Consequently, discovery is stayed beyond what Defendants are required to produce for initial disclosures, and that which is necessary for reasoned consideration of settlement.

**Settlement** - Plaintiff has requested data required to prove its case, not evaluate a settlement offer. For example, Plaintiff requested all bank statements for all bank accounts maintained by SGS (see Request 15), and all bank statements for all bank accounts maintained by Sysorex (see Request 16) from January 1, 2022 to the present. In furtherance of reasoned consideration of settlement, Defendants provided UCC and related disclosure explaining that neither SGS nor defendant Sysorex has the funds to pay the $800,000+ judgment in the **2023 Action**, let alone more than the settlement offer, and that Canon is junior to several million dollars of secured debt.

As disclosed to District Judge Reyes on April 22, 2025:

- Defendants have tendered a meaningful, lump sum settlement offer to Plaintiff to dismiss the **2024 Action.**
- SGS intends to file for protection under chapter 11 of the bankruptcy code imminently.

Judge Reyes encouraged continued settlement discussions and also directed the parties to appear May 22, 2025 for formal settlement discussions. If settlement fails, District Judge Reyes directed the parties to submit a briefing schedule submitted by June 6, 2025 for Defendants' dismissal motion. Notwithstanding the stay, Plaintiff served requests to admit dated April 25, 2025.

**Meet and Confer** - Defendants duly complied with initial disclosures and agreed to provide the additional information requested by Plaintiff regarding initial disclosures. There is no basis in fact behind the allegation that Defendants refused to provide additional initial discovery information. Defendant's counsel's phone logs annexed as Exhibit B confirm counsel's several discussions with Plaintiff's counsel Anthony Badaracco, Esq. throughout April 2025 including the call where Mr. Badaracco expressed his request for the additional initial discovery, and Defendants agreed. However. Mr. Badaracco refused to address Plaintiff's excessive number of interrogatories or Plaintiff's objectionable use of discovery from this **2024 Action** in the **2023 Action**.

For the foregoing reasons, Defendants respectfully request that the Court deny Plaintiff's Motion to Compel and continue the stay of discovery.

                            Respectfully

                            *s/Ralph E. Preite*
                            Ralph E. Preite

cc:    Anthony P. Badaracco, Esq. via email badaracco.anthony@dorsey.com
         Elizabeth Usinger, Esq.